# 01

United States District Court for the District of Utah,
Civil Action No. 1:22-cv-00078

# Moore v. Trans Union LLC

# Docket and Complaint

US District Court Electronic Case Filing System
District of Utah (Northern)
CIVIL DOCKET FOR CASE #: 1:22-cv-00078-BSJ

Moore v. Trans Union et al  
Assigned to: Judge Bruce S. Jenkins  
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 06/21/2022  
Jury Demand: Plaintiff  
Nature of Suit: 480 Consumer Credit  
Jurisdiction: Federal Question

**Plaintiff**

**Kirstie Moore**   represented by   **Ryan L. McBride**
KAZEROUNI LAW GROUP APC
301 E BETHANY HOME RD STE C-195
PHOENIX, AZ 85012
800-400-6808
Email: ryan@kazlg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David J. McGlothlin**
KAZEROUNI LAW GROUP APC
301 E BETHANY HOME RD STE C-195
PHOENIX, AZ 85012
602-265-3332
Email: david@kazlg.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theron D. Morrison**
MORRISON LAW GROUP
290 25TH ST STE 102
OGDEN, UT 84401
(801)392-9324
Email: therondmorrison@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Trans Union**   represented by   **George W. Burbidge , II**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY, UT 84111
(801) 323-5000
Email: george.burbidge@chrisjen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Kevin Tanner**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY, UT 84111
801-524-9341
Email: kevin.tanner@chrisjen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Capital One Bank (USA), N.A.**
*TERMINATED: 09/07/2022*

**Defendant**

**Comenity Bank**                                      represented by **Gregory M. Constantino**
8537 S REDWOOD RD STE D
WEST JORDAN, UT 84084
(801)748-4747
Email: greg@constantinolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mountain America Credit Union**
*TERMINATED: 09/07/2022*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/2022 | 1 | Case has been indexed and assigned to Magistrate Judge Cecilia M. Romero. Plaintiff Kirstie Moore is directed to E-File the Complaint and cover sheet (found under Complaints and Other Initiating Documents) and pay the filing fee of $ 402. by the end of the business day. <br> NOTE: The court will not have jurisdiction until the opening document is electronically filed and the filing fee paid in the CM/ECF system. <br> Civil Summons may be issued electronically. Prepare the summons using the courts PDF version and email it to utdecf_clerk@utd.uscourts.gov for issuance. (ks) (Entered: 06/21/2022) |
| 06/21/2022 | 2 | COMPLAINT against Capital One Bank (USA), N.A., Comenity Bank, Mountain America Credit Union, Trans Union (Filing fee $ 402, receipt number AUTDC-4367951) filed by Kirstie Moore. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet) Assigned to Magistrate Judge Cecilia M. Romero (McBride, Ryan) (Entered: 06/21/2022) |
| 06/22/2022 | 3 | ORDER TO PROPOSE SCHEDULE - Plaintiff must propose a schedule to defendant in the form of a draft Attorney Planning Meeting Report within the earlier of fourteen(14) days after any defendant has appeared or twenty-eight (28) days after any defendant has been served with the complaint. See order for additional instructions. Signed by Magistrate Judge Cecilia M. Romero on 6/22/22. (alf) (Entered: 06/22/2022) |
| 07/28/2022 | 4 | WAIVER OF SERVICE Returned Executed filed by Kirstie Moore as to Capital One Bank (USA), N.A. Waiver sent on 7/21/2022, answer due 9/19/2022. (McBride, Ryan) (Entered: 07/28/2022) |
| 08/10/2022 | 5 | NOTICE OF REQUIREMENTS for appearance phv mailed to attorney Margaret Matavich, for Defendant Capital One Bank (USA), N.A. (alf) (Entered: 08/10/2022) |
| 08/26/2022 | 6 | **RESTRICTED DOCUMENT**Summons Issued Electronically as to Trans Union. <br> Instructions to Counsel: <br> 1. Click on the document number. <br> 2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF. <br> 3. Print the issued summons for service. (ks) (Entered: 08/26/2022) |
| 08/26/2022 | 7 | **RESTRICTED DOCUMENT**Summons Issued Electronically as to Mountain America Credit Union. <br> Instructions to Counsel: <br> 1. Click on the document number. <br> 2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF. <br> 3. Print the issued summons for service. (ks) (Entered: 08/26/2022) |
| 08/26/2022 | 8 | **RESTRICTED DOCUMENT**Summons Issued Electronically as to Comenity Bank. <br> Instructions to Counsel: <br> 1. Click on the document number. <br> 2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF. <br> 3. Print the issued summons for service. (ks) (Entered: 08/26/2022) |
| 09/07/2022 | 9 | NOTICE of Voluntary Dismissal of Capital One Bank (USA) N.A. filed by Plaintiff Kirstie Moore (McBride, Ryan) (Entered: 09/07/2022) |
| 09/07/2022 | 10 | NOTICE of Voluntary Dismissal of Mountain America Credit Union filed by Plaintiff Kirstie Moore (McBride, Ryan) (Entered: 09/07/2022) |
| 09/19/2022 | 11 | NOTICE of Appearance by Gregory M. Constantino on behalf of Comenity Bank (Constantino, Gregory) (Entered: 09/19/2022) |
| 09/19/2022 | 12 | MOTION for Extension of Time to File Answer re 8 Summons Issued Electronically, 2 Complaint, and Memorandum in Support filed by Defendant Comenity Bank. (Attachments: # 1 Text of Proposed Order)(Constantino, Gregory) (Entered: 09/19/2022) |
| 09/20/2022 | 13 | MOTION for Extension of Time *to file Answer to* 2 *Complaint as to Defendant Transunion* For Trans Union to Answer (Unopposed Motion filed by Plaintiff Kirstie Moore. (McBride, Ryan) Modified on 9/20/2022 to correct event type, |

| | | |
|---|---|---|
| | | docket entry text and to link to complaint (alf). (Entered: 09/20/2022) |
| 09/20/2022 | 14 | ORDER granting 12 Motion for Extension of Time to Answer 2 Complaint. Answer deadline updated for Comenity Bank to 10/14/2022. Signed by Magistrate Judge Cecilia M. Romero on 9/20/2022. (alf) (Entered: 09/20/2022) |
| 09/20/2022 | 15 | Modification of Docket re 13 MOTION for Extension of Time: Error: The document should have been filed using the event "Motion for Extension of Time to File Answer" and linked to the complaint. Correction: Event type corrected, docket text modified to correct filing and linked to appropriate document. No further action is needed. Please note for future reference. (alf) (Entered: 09/20/2022) |
| 09/21/2022 | 16 | ORDER granting 13 Motion for Extension of Time to Answer re 2 Complaint. Answer deadline updated for Trans Union to 10/4/2022. Signed by Magistrate Judge Cecilia M. Romero on 9/21/2022. (alf) (Entered: 09/21/2022) |
| 10/04/2022 | 17 | ANSWER to Complaint filed by Trans Union. Attorney W. Kevin Tanner added to party Trans Union(pty:dft)(Tanner, W.) (Entered: 10/04/2022) |
| 10/04/2022 | 18 | CORPORATE DISCLOSURE STATEMENT under FRCP 7.1 filed by Defendant Trans Union identifying TransUnion as Corporate Parent. (Tanner, W.) (Entered: 10/04/2022) |
| 10/05/2022 | 19 | NOTICE OF ADR, e-mailed or mailed to Defendants Comenity Bank, Trans Union, Plaintiff Kirstie Moore. (alf) (Entered: 10/05/2022) |
| 10/05/2022 | 20 | NOTICE - This case is assigned to a magistrate judge. Under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form on this link To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail at the address on the form and place Attention: Consent Clerk on the envelope. **Please do not file the Consent Form in the case.** Notice e-mailed or mailed to Defendants Comenity Bank, Trans Union, Plaintiff Kirstie Moore. Form due by 10/26/2022. (alf) (Entered: 10/05/2022) |
| 10/14/2022 | 21 | ANSWER to Complaint filed by Comenity Bank.(Constantino, Gregory) (Entered: 10/14/2022) |
| 10/27/2022 | 22 | The deadline for submission of Consent/Reassignment form has now passed. Case Reassigned to District Judge. Case randomly assigned to Judge Bruce S. Jenkins. Magistrate Judge Cecilia M. Romero no longer assigned to the case. (mh) (Entered: 10/27/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/09/2022 19:57:27 | | | |
| **PACER Login:** | bi0800 | **Client Code:** | 0102109-000012-RK |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-00078-BSJ |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

David J. McGlothlin, Esq. (SBN 026059)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
4455 E. Camelback Road, Ste. C250
Phoenix, AZ 85018
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **KIRSTIE MOORE,**<br><br>Plaintiff,<br><br>v.<br><br>**TRANS UNION, LLC; CAPITAL ONE BANK (USA) N.A.; COMENITY BANK; and MOUNTAIN AMERICA CREDIT UNION,**<br><br>Defendants. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.**<br><br>**Case No.:** 1:22-cv-00078-CMR<br><br>**Magistrate Judge: Cecilia M. Romero**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Kirstie Moore ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of TRANS UNION LLC ("Trans Union"), CAPITAL ONE BANK (USA) N.A. ("Capital One"), COMENITY BANK ("Comenity"), and MOUNTAIN AMERICA CREDIT UNION ("MACU") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Weber, State of Utah.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

9. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Weber, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person residing in the County of Weber, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11. Defendant Trans Union is a limited liability company doing business in the State of Utah.

12. Defendant Capital One is a financial institution with multiple banks operating in the State of Utah.

13. Defendant Comenity is a bank doing business in the State of Utah.

14. Defendant MACU is a credit union doing business in the State of Utah.

3

15. Defendants Capital One, Comenity, and MACU ("Defendant Creditors") are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

16. Defendant Trans Union is a national credit reporting agency, doing business in Utah, with a principal place of business in Illinois.

### GENERAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of Utah.

18. At all times relevant, Defendants conducted business in the State of Utah.

19. Plaintiff had opened several credit accounts with Defendant Furnishers (the "Accounts").

20. Prior to April 16, 2021, Plaintiff had an account, no. 517805754479XXXX, with Capital One (the "Capital One Account")

21. Prior to April 16, 2021, Plaintiff had an account, no. 539176130782XXXX, with Comenity (the "Comenity Account")

22. Prior to April 16, 2021, Plaintiff had an account, no. 11319717XXXX, with MA (the "MACU Account")

23. On or about April 16, 2021, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 21-21599 (the "Bankruptcy").

24. The Accounts were scheduled in the Bankruptcy and Defendants, the Defendant Creditors, received notice of the Bankruptcy.

25. On or about August 4, 2021, Plaintiff received a Chapter 7 Bankruptcy discharge.

26. The Defendant Creditors filed no proceedings to declare the Accounts "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

4

27. Defendant Creditors also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to be allowed to legally pursue the Plaintiff personally for any underlying debts on the Accounts.

28. Defendant Creditors were listed in the schedule of creditors and received notice of the discharge order when the Bankruptcy was discharged.

29. Accordingly, the Accounts were discharged through the Bankruptcy.

30. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for Defendant Creditors to report any post-Bankruptcy derogatory collection information on the Accounts.

31. Any attempt by Defendant Creditors to collect debts on the Accounts by reporting post-Bankruptcy derogatory information after the entry of the automatic stay and Discharge would thereafter be false or inaccurate and prohibited.

32. Plaintiff subsequently learned that Defendant Creditors reported post-Bankruptcy derogatory credit information regarding the Accounts on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and derogatory credit information in Plaintiff's credit files.

33. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start" post-bankruptcy financial life.

### The Capital One Account:
### Trans Union and Capital One's Inaccurate and Derogatory Reporting

34. In a Trans Union credit report dated October 20, 2021, Capital One and Trans Union reported the following inaccurate and derogatory information re the Capital One Account:

    - Balance: $1,478

5

35. Trans Union and Capital One should not have reported derogatory information on this Capital One account after April 16, 2021, because Plaintiff had filed for Bankruptcy on April 16, 2021.

36. Trans Union and Capital One especially should not have reported derogatory information on this Capital One account after August 4, 2021 because this Capital One account was discharged in Plaintiff's chapter 7 bankruptcy on that date.

37. On or about November 19, 2021, Plaintiff disputed the inaccurate and derogatory information on this Capital One account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Capital One.

38. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union disputing the above inaccurate and incorrect derogatory information and requesting it be corrected and removed as follows:

> The purpose of this letter is to request that you immediately correct the reporting to show that these accounts were discharged in my bankruptcy with a $0 balance. Your failure to correct this reporting is hurting my creditworthiness and is causing me undue stress.

**The Comenity Account :**
**Trans Union and Comenity's Inaccurate and Derogatory Reporting**

39. In a Trans Union credit report dated October 20, 2021, Comenity and Trans Union reported the following inaccurate and derogatory information on the Comenity Account :

- Balance: $891

6

40. Trans Union and Comenity should not have reported derogatory information on this Synchrony account after April 16, 2021, because Plaintiff had filed for Bankruptcy on April 16, 2021.

41. Trans Union and Comenity especially should not have reported derogatory information on this Comenity account after August 4, 2021 because this Comenity account was discharged in Plaintiff's chapter 7 bankruptcy on that date.

42. On or about November 19, 2021, Plaintiff disputed the inaccurate and derogatory information on this Comenity account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Comenity.

43. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

> The purpose of this letter is to request that you immediately correct the reporting to show that these accounts were discharged in my bankruptcy with a $0 balance. Your failure to correct this reporting is hurting my creditworthiness and is causing me undue stress.

### The Mountain America ("MACU") Account : Trans Union and MA's Inaccurate and Derogatory Reporting

In a Trans Union credit report dated October 20, 2021, MACU and Trans Union reported the following inaccurate and derogatory information on the MACU Accounts:

MACU Account #11319717**** Auto Loan: Balance: $17,001
MACU Account #11319717**** Unsecured Loan: Balance $4,559

7

44. Trans Union and MACU should not have reported derogatory information on these MACU accounts after April 16, 2021, because Plaintiff had filed for Bankruptcy on April 16, 2021.

45. Trans Union and MACU especially should not have reported derogatory information on these MACU accounts after August 4, 2021, because these MACU accounts were discharged in Plaintiff's chapter 7 bankruptcy on that date.

46. On or about November 19, 2021, Plaintiff disputed the inaccurate and derogatory information on the two MACU accounts pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by MACU.

47. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

> The purpose of this letter is to request that you immediately correct the reporting to show that these accounts were discharged in my bankruptcy with a $0 balance. Your failure to correct this reporting is hurting my creditworthiness and is causing me undue stress.

## Defendants' Continued Inaccurate and Derogatory Reporting

48. Upon information and belief, Trans Union timely notified Defendant Creditors of Plaintiff's dispute, but Defendant Creditors continued reporting the inaccurate and derogatory information.

49. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

50. On or about February 9, 2022, Plaintiff reviewed her Trans Union credit report. Plaintiff is informed and believes that Defendant Creditors had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

8

51. After receiving notice of Plaintiff's dispute, Defendants republished the inaccurate and derogatory information on the Accounts.
52. Rather than updating Plaintiff's Accounts as notified by Plaintiff, Defendants verified the reported information and then republished the inaccurate and derogatory information on Plaintiff's credit report.
53. Specifically, Defendants left open balances on Capital One, Comenity, and MACU accounts on Plaintiff's Trans Union credit report.
54. According to Trans Union's "Credit Report User Guide" "Balance is defined as "Balance owed as of the date verified."
55. Reporting a balance on the Accounts after August 4, 2021 is blatantly inaccurate because the Accounts were discharged in bankruptcy on August 4, 2021.
56. After Plaintiff's dispute, by verifying current balances on the Accounts and by failing to update the balance of the Accounts, Defendants are intentionally now reporting and republishing inaccurate post-bankruptcy discharge information.
57. Plaintiff is informed and believes that her credit score is taking a "double-hit", once for her bankruptcy, and once again for the negative balances.
58. Additionally, Defendants' reporting balances on the Accounts is incorrect as the Accounts were discharged in bankruptcy and thus, there is no current balance due and owing on the Accounts.
59. Plaintiff is informed and believes and thereon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Creditors' responding and verifying the incorrect information to the credit reporting agencies, Defendants failed to check Plaintiff's bankruptcy filings to ensure the Accounts were included in bankruptcy, and to ensure correct reporting on the Accounts.
60. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Trans Union responding and

9

verifying the incorrect information to Plaintiff, Trans Union failed to check Plaintiff's bankruptcy filings to ensure the Accounts were included in bankruptcy to aid in reporting the correct balance of Plaintiff's Accounts.

61. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendants Creditors responding and verifying the incorrect information to the credit reporting agencies, Defendant failed to communicate with Trans Union to aid in reporting the correct balance of Plaintiff's Accounts.

62. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Trans Union responding and verifying the incorrect information to Plaintiff, Defendant Trans Union failed to communicate with Defendant Creditors to aid in reporting the correct balance of Plaintiff's Accounts.

63. Defendants further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct balance of Plaintiff's Accounts.

64. Therefore, Defendants upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

65. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

66. Due to Defendants' failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate and derogatory information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

67. Plaintiff's continued efforts to correct Defendants' erroneous and negative information by disputing the reporting on the accounts with Defendants were futile.

68. Defendants' continued inaccurate and negative reporting on the accounts in light of its knowledge of the actual errors was willful.
69. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.
70. By inaccurately reporting account information on the accounts after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ.* (FCRA)**

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
72. The foregoing acts and omissions of each Defendant constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
73. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.
74. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

75. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 21, 2022                                          Respectfully submitted,

                                          BY: /s/ RYAN MCBRIDE
                                          RYAN MCBRIDE, ESQ.
                                          ATTORNEY FOR PLAINTIFF

12

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kirstie Moore

**DEFENDANTS**
Trans Union, LLC; Capital One Bank (USA), N.A.; Comenity Bank; and Mountain America Credit Union

**(b)** County of Residence of First Listed Plaintiff: **Weber**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Cook County, Illinois**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ryan L. McBride, Kazerouni Law Group (800) 400-6808
4455 E. Camelback Rd., Ste. 460, Phoenix, AZ 85018

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**OTHER STATUTES**
- [x] 480 Consumer Credit (15 USC 1681 or 1692)

*(Other nature-of-suit checkboxes present on form but not selected.)*

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act, 15 U.S.C. 1681 et seq. ("FCRA")

Brief description of cause:
Plaintiff alleges Defendants failed to complete a reasonable reinvestigation in response to Plaintiff's credit disputes.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 06/21/2022
SIGNATURE OF ATTORNEY OF RECORD: *Ryan L. McBride*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE