UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TRANS UNION, LLC, BALANCE AFTER
BANKRUPTCY DISCHARGE FAIR CREDIT
REPORTING ACT (FCRA) LITIGATION                                    MDL No. 3058


ORDER DENYING TRANSFER


**Before the Panel**:[*] Defendant Trans Union, LLC (Trans Union) moves under 28 U.S.C. § 1407 to centralize this litigation, which involves the alleged misattribution of balances to accounts for which debts were discharged in bankruptcy, in the Northern District of Illinois. This litigation currently consists of nine actions pending in four districts, as listed on Schedule A.[1] Defendants Experian Information Solutions, Inc., and Equifax Information Services LLC do not oppose centralization.

All responding plaintiffs oppose centralization. Plaintiffs in the District of Nevada *Loughton* action and the District of Hawaii *Salzer* action alternatively suggest a District of Nevada transferee forum, and plaintiffs in the District of Nevada *Anderson* and *Genna* actions alternatively suggest a District of Nevada or Southern District of California transferee forum.

After considering the argument of counsel, we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The actions contain common factual questions, inasmuch as plaintiffs in all actions previously obtained bankruptcy relief and had certain of their debts discharged. Plaintiffs all contend that Trans Union inaccurately reported a balance on one or more former accounts that were subject to discharge. Plaintiffs bring claims solely for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. Despite this factual and legal commonality, centralization does not appear needed to further the just and efficient conduct of this litigation involving seemingly straightforward claims that a balance was misattributed to certain discharged accounts.

---

[*] Judge David C. Norton took no part in the decision of this matter.

[1] Trans Union's motion to centralize initially included ten actions. Since the motion was filed, claims against Trans Union have been dismissed in the District of Nevada *Wheeler* action, and the *Wheeler* action was subsequently removed from defendant's motion.

Plaintiffs argue that centralization is not appropriate because the actions will turn on specific circumstances (such as the adequacy of any reinvestigation conducted based on plaintiffs' correspondence) in each of the eight individual actions. Further, they assert that centralization is not needed because there is only one class action among the nine actions. Plaintiffs contend that coordination in each of the districts with multiple cases could streamline the litigation. We are persuaded by these arguments.

As the parties note, the Panel has centralized FCRA litigation in the past, but centralization in those dockets was warranted, in part, for a reason absent here: preventing inconsistent rulings on competing motions for class certification. In *In re: Michaels Stores, Inc., Fair Credit Reporting Act (FCRA) Litig.*, 96 F. Supp. 3d 1380 (J.P.M.L. 2015), the Panel centralized three putative nationwide class actions concerning "whether Michaels Stores failed to properly disclose to plaintiffs that their credit reports would be accessed in connection with their employment application." Recently, the Panel centralized six similar putative nationwide class actions in *In re: Trans Union Rental Screening Sols., Inc., (TURSS) Fair Credit Reporting Act (FCRA) Litig.*, 437 F. Supp. 3d 1377 (J.P.M.L. 2020), which "concern TURSS's policies and procedures for obtaining, using and reporting … public records on tenant screening reports," each of which alleged violations of Section 1681e(b). *Id*. In contrast to *In re: Michaels* and *In re: TURSS*, here there is only one class action – the Southern District of California *Gray* action – and eight individual actions, which weakens the argument that centralization is necessary to prevent inconsistent rulings and create significant pretrial efficiencies.

To the extent there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the involved courts is a preferable alternative to centralization. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 20.14 (2004).

- 3 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

IN RE: TRANS UNION, LLC, BALANCE AFTER
BANKRUPTCY DISCHARGE FAIR CREDIT
REPORTING ACT (FCRA) LITIGATION                              MDL No. 3058

## SCHEDULE A

<u>Southern District of California</u>

GRAY v. TRANS UNION, LLC, C.A. No. 3:22−01330

<u>District of Hawaii</u>

SALZER v. TRANS UNION LLC, C.A. No. 1:22−00420

<u>District of Nevada</u>

LOUGHTON v. TRANS UNION LLC, C.A. No. 2:22−01076
ANDERSON, ET AL. v. TRANS UNION, LLC, C.A. No. 2:22−01214
SCALLION v. TRANS UNION, LLC, ET AL., C.A. No. 2:22−01382
GENNA v. EQUIFAX INFORMATION SERVICES, LLC, ET AL., C.A. No. 2:22−01429
WOOTERS v. EXPERIAN INFORMATION SOLUTIONS, INC., ET AL., C.A. No. 2:22−01691

<u>District of Utah</u>

MOORE v. TRANS UNION, ET AL., C.A. No. 1:22−00078
HANSEN v. TRANS UNION, ET AL., C.A. No. 1:22−00124